UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LARRY DARNELL TAYLOR,**<br><br>**Petitioner,**<br><br>v.<br><br>A.M. GONZALES, Warden,<br><br>Respondent. | Case No. LA CV 14-06394-VBF-JC<br><br>**Opinion & Order**<br><br>Referring Petition to U.S. Court of Appeals as Required by Ninth Cir. R. 22-3(a);<br><br>Dismissing Habeas Corpus Petition Without Prejudice Due to Petitioner's Failure to Obtain Leave to File From Ninth Circuit |

**I.   SUMMARY**

On August 14, 2014, petitioner Larry Darnell Taylor ("petitioner"), a California prisoner who is proceeding pro se, formally filed a Petition for Writ of Habeas Corpus (the "current federal petition"). The current federal petition challenges petitioner's 2009 conviction following a jury trial in Los Angeles County Superior Court (the "State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, this action will be dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a second-or-successive federal habeas petition. Further, the Clerk of the Court is directed to refer the current federal petition to the United States Court of Appeals for the Ninth Circuit ("the Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).

## II. PROCEDURAL HISTORY[1]

### A. State Proceedings

On July 16, 2009, a Los Angeles County Superior Court jury convicted petitioner of the sale, transportation, or offer to sell cocaine base – a violation of California Health and Safety Code section 11352(a). On August 14, 2009, the trial court sentenced petitioner to fourteen years in state prison.

On June 8, 2011, the California Court of Appeal affirmed the judgment as to petitioner. On August 17, 2011, the California Supreme Court denied review.

Petitioner thereafter sought and was denied habeas relief in the Los Angeles County Superior Court, the California Court of Appeal and the California Supreme Court.

### B. First Federal Action, Ninth Circuit Action and U.S. Supreme Court Action

On October 4, 2011, petitioner filed the First Federal Petition in which he challenged his conviction in the State Case on multiple grounds. The parties to the First Federal Action consented to having the then-assigned United States Magistrate Judge ("Magistrate Judge") conduct all proceedings in such action. On April 18, 2012, the Magistrate Judge issued a Memorandum Opinion and Order denying the First Federal Petition on the merits and directing that judgment be entered accordingly. On April 19, 2012, judgment was entered denying the petition and dismissing the first federal action with prejudice. Petitioner filed a Notice of Appeal on May 2, 2012. On April 23,

---

[1] The facts and procedural history set forth in this section are derived from the current petition and/or court records in the following cases of which this Court takes judicial notice:

(1) Central District of California Case – *Larry Darnell Taylor v. Tim Busby, Warden*, No. CV 11-8523-OP ("first federal petition" or "first federal action");

(2) Ninth Circuit Case – *Larry Darnell Taylor v. Timothy E. Busby, Warden*, No. 12-55838 ("Ninth Circuit action"); and

(3) U.S. Supreme Court Case – *Larry Darnell Taylor v. David Long, Warden*, No. 12-10370 ("Supreme Court action").

*See* Fed. R. Evid. 201; *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011) ("'[A] court may take judicial notice of its own records in other cases, as well the records of an inferior court in other cases.'") (quoting *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)).

2013, the Ninth Circuit denied petitioner's request for a certificate of appealability ("COA") in the Ninth Circuit Action. On October 7, 2013, the United States Supreme Court denied petitioner's petition for a writ of certiorari in the U.S. Supreme Court Action.

### C.  Current Federal Petition

As noted above, on August 14, 2014, petitioner filed the Current Federal Petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the current federal petition in District Court.[2]

## III.  ANALYSIS: DISMISSAL DUE TO ABSENCE OF LEAVE TO FILE

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *see also Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998))..

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. *See Nevius v. McDaniel*, 104 F.3d 1120, 1120-

---

[2]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

1   21 (9th Cir. 1997); *Nevius v. McDaniel*, 218 F.3d 940, 945 (9th Cir. 2000).

2       A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-487, 120 S. Ct. 1595 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-645, 118 S. Ct. 1618 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); *but see McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (untimeliness dismissal constitutes disposition on the merits rendering subsequent petition "second or successive"); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (dismissal on procedural-default grounds constitutes disposition on the merits for this purpose); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228, 115 S. Ct. 1447 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

    Petitioner's first federal petition was denied on its merits, not for a technical or procedural reason. Accordingly, the current federal petition is second or successive. Since petitioner filed the current federal petition without authorization from the Ninth Circuit, this Court lacks jurisdiction and must dismiss the habeas petition without prejudice on that basis.

**IV.    ANALYSIS: PETITION MUST BE REFERRED TO U.S. COURT OF APPEALS**

    Ninth Circuit Rule 22-3(a) clearly states that "[a]ny petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals." It is a venerable principle of construction that the word "shall" indicates that the action is mandatory. *See Sebelius v. Auburn Regional Med. Ctr.*, – U.S. –, 133 S. Ct. 817, 824 (2013); *Gonzales v. Thaler*, – U.S. –, 132 S. Ct. 641 (2012); *Nat'l Ass'n of Homebuilders v. Defenders of Wildlife*, 544 U.S. 644, 661, 127 S. Ct. 2518 (2007). "Therefore, when confronted with a second or successive habeas petition attacking the same conviction or sentence as a prior federal habeas petition which was denied on the merits, a district court has no choice but to 'refer' the

petition to the U.S. Court of Appeals for the Ninth Circuit." *Smith v. United States*, ED CV 11-00521 Doc. 29 at 9 (C.D. Cal. July 23, 2014). Failure to do so would violate the plain language of Ninth Circuit Rule 22-3(a).

**The question then arises whether the Court can both "refer" this petition to the Ninth Circuit and then dismiss the action here without prejudice due to petitioner's failure to obtain leave from the Circuit to file a second-or-successive habeas petition.** Petitioner's failure to obtain leave to file from the Circuit justifies dismissal without prejudice, and Ninth Circuit Rule 22-3(a) plainly requires the Court to refer the petition to the Circuit. "Perceiving no legal or practical conflict between these two courses of action, the Court will continue its . . . practice of both dismissing the petition and referring it to the Circuit." *Batchelor v. Yates*, No. LA CV 09-01752-VBF Doc. 41 at 9 (C.D. Cal. July 31, 2014); *see, e.g., Garcia v. Busby*, 2014 WL 2761333 (C.D. Cal. June 17, 2014); *Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014); *Valentine v. Lewis*, 2014 WL 1419292 (C.D. Cal. Apr. 14, 2014); *Edwards v. Koehn*, 2014 WL 1794932 (C.D. Cal. Apr. 11, 2014); *De Adams v. Hedgpeth*, 2014 WL 1806314 (C.D. Cal. Apr. 9, 2014).

**This is consistent with the practice of at least fourteen district judges in our district.** *See, e.g., Miles v. Gonzales*, 2014 WL 2014 WL 4543564 (C.D. Cal. Sept. 11, 2014) (Pregerson, J.); *Varnado v. Paramo*, 2014 WL 3845137 (C.D. Cal. Aug. 4, 2014) (Otero, J.); *Miller v. Biter*, 2014 WL 3810234 (C.D. Cal. July 31, 2014) (Real, J.); *McKenzie v. Valenzuela*, 2014 WL 3109806 (C.D. Cal. July 7, 2014) (Snyder, J.); *Brock v. Montgomery*, 2014 WL 2812315, *1 (C.D. Cal. June 23, 2014) (O'Connell, J.) ("[T]his action is dismissed without prejudice for lack of jurisdiction because Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of Court is directed to refer the . . . Petition to the United States Court of Appeals . . . pursuant to Ninth Circuit Rule 22-3(a)."); *Perez v. Holland*, 2014 WL 1466857 (C.D. Cal. Apr. 14, 2014) (Carney, J.); *Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) (Anderson, J.); *Blanco v. Valenzuela*, 2014 WL 111453 (C.D. Cal. Jan. 9, 2014) (Walter, J.); *Parham v. Diaz*, 2013 WL 5310760, *1 (C.D. Cal. Sept. 19, 2013) (Klausner, J.); *Reed v. Roe*, 2013 WL 1970240, *1 (C.D. Cal. May 10, 2013) (Wright, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (Wilson, J.); *Jones v. Harrington*, 2012 WL 2573207, *1 (C.D. Cal. June

1  29, 2012) (Gee, J.); *Olvera v. Gonzales*, 834 F. Supp.2d 944, 945 (C.D. Cal. 2011) (Hatter, Sr. J.); *Henderson v. Walker*, 2011 WL 1706775, *1 (C.D. Cal. May 5, 2011) (Stotler, Sr. J.).

**ORDER**

Pursuant to Ninth Circuit Rule 22-3(a), the Court **REFERS** this matter to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition.

The Clerk of Court **SHALL SEND** a copy of the habeas corpus petition and a copy of this Order to the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court **SHALL PROVIDE** "petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255."[3]

This action is then **DISMISSED without prejudice** due to petitioner's failure to obtain leave from the Ninth Circuit to file a second-or-successive habeas corpus petition in this Court.

The Court will deny a certificate of appealability by separate order issued contemporaneously with this order. Accordingly, while this is a final order, it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals.[4]

---

[3] *See Walker v. Ryan*, 2014 WL 413055, *2 (D. Ariz. Feb. 4, 2014); *accord Gwyn v. US*, 2014 WL 1330029, *1 (M.D. Fla. Apr. 1, 2014) ("The Clerk of Court is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).").

[4] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies COA, applicant may request COA from a circuit judge). Finally, "the Defendant is not necessarily denied collateral review of the issues raised in the motion. He simply has to seek permission from the . . . Circuit before pursuing his claims in this Court." *United States v. Wilson*, 950 F. Supp.2d (continued...)

1    As required by F ED. R. C IV. P. 58(a), final judgment will be issued separately.

2    IT IS SO ORDERED.

4    DATED:      September 22, 2014

*[signature: Valerie Baker Fairbank]*

_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[4] (...continued)
90, 96 (D.D.C. 2013).